IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON PARKER | * | |
| Plaintiff | * | |
| | | Case No. JFM-07-CV-377 |
| v. | * | |
| MICHELE URBAN, M.D., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**SUPPLEMENT TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE THE TESTIMONY OF DEFENSE
EXPERT MICHAEL SPODAK, M.D. AND TO PRECLUDE
ADMISSION OF PLAINTIFF'S MENTAL HEALTH RECORDS**

Plaintiff, Sharon Parker, by and through her attorneys, E. Dale Adkins, Emily C. Malarkey, and Salsbury, Clements, Bekman, Marder & Adkins, LLC, files this supplement to her Motion *in Limine* to Preclude the Testimony of Defense Expert Michael Spodak, M.D., and to Preclude Admission of Plaintiff's Mental Health Records, and states as follows.

1.  This is a medical negligence case. The Plaintiff, Sharon Parker, alleges that the Defendants, Michele Urban, M.D. and John M. Woods, M.D., were negligent in the performance of a hysterectomy on March 5, 2004, and caused permanent injury to her bladder. The Defendants deny any wrongdoing.

2.  Plaintiff previously filed a Motion with this Court requesting that the Defendants' psychiatry expert, Michael Spodak, M.D., be precluded from testifying at trial, and further requesting that Defendants not be permitted to introduce Plaintiff's mental health records into evidence.

1

3.      Many of Plaintiff's mental health records, as well as records from other treating physicians, document that Sharon Parker told her friends and family in 2005 that she was suffering from cancer, when in fact she was not.  Ms. Parker planned to commit suicide and believed it would be easier on her friends and family if they believed she died of cancer.  When Ms. Parker's family learned that she was not telling the truth, many of them abandoned her.  This trauma led to a one-week admission to Sheppard Pratt Hospital in November of 2005.

4.      In further support for the Motion *in Limine* pertaining to the admission of Plaintiff's mental health records, Plaintiff relies on Federal Rule of Evidence 608(b).  Under this Rule, while the Defendants may be permitted to ask Ms. Parker during cross examination whether she untruthfully told friends and family she had cancer, the Defendants are not permitted to introduce extrinsic evidence pertaining to Ms. Parker's character for truthfulness.

5.      Rule 608(b) requires that Ms. Parker's mental health records (or at least those that reference the cancer incident) be excluded from evidence because they are inadmissible extrinsic evidence of her character for truthfulness.  It also requires that any of Ms. Parker's *physical* health records that mention the cancer incident (including James Anoia, M.D., Monique Ivanov, M.D., and others) be denied admission into evidence, or at the very least, redacted so as not to include mention of the cancer incident.  It further requires that, if permitted to testify, Dr. Spodak be precluded from mentioning the cancer incident.

WHEREFORE, for all of the aforegoing reasons, and those set forth in Plaintiff's original Motion *in Limine* to Preclude the Testimony of Defense Expert Michael Spodak, M.D., and to Preclude Admission of Plaintiff's Mental Health Records, Plaintiff respectfully requests that this Court order that Plaintiff's mental health records, and any physical health records that reference

Ms. Parker's decision to tell her friends and family that she had cancer, shall not be admitted into evidence.

        ____/s/_____
        E. Dale Adkins
        Emily C. Malarkey
        SALSBURY, CLEMENTS, BEKMAN,
          MARDER & ADKINS LLC
        300 W. Pratt St., Suite 450
        Baltimore, MD 21201
        (410) 539-6633
        *Attorneys for Plaintiff*